UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


DALE STEWART, JR.

v.                                                    Case No. 25-cv-00115-LM-TSM

PIKE INDUSTRIES, INC.


**REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO DISMISS**


This matter is before the court on Pike Industries, Inc.'s motion to dismiss this action, with prejudice, for failure to prosecute and to comply with this court's December 4, 2025 Order to Show Cause as to why this matter should not be dismissed for lack of prosecution. (Doc. No. 13). Plaintiff did not oppose or otherwise respond to Pike Industries' motion. For the reasons that follow, this court recommends that the district judge grant the motion and dismiss this case with prejudice.

**BACKGROUND**

*Administrative Proceedings*

Self-represented Plaintiff, Dale Stewart, Jr., claims that his former employer, Defendant Pike Industries, violated his rights under the Americans with Disabilities Act ("ADA") and RSA Chapter 354-A by discriminating against him based on his disability and retaliating against him for engaging in protected activity. See Doc. No. 1-1 at pgs. 2-7; Doc. No. 6 at pgs. 19-25.[1] On July 31, 2023, Stewart filed an administrative Charge of Discrimination ("Charge") against Pike Industries with the New Hampshire Commission for Human Rights ("NHCHR" or

---

[1] Citations to page numbers of docketed materials refer to the court's CM/ECF numbering system at the top of the document.

"Commission").  Doc. No. 6 at pgs. 6-10.  Because Stewart alleged both violations of New Hampshire RSA Chapter 354-A and violations of the ADA, his Charge was dual filed with the Equal Employment Opportunity Commission.  See id. at pgs. 11,19.

An Investigator for the NHCHR completed an investigation of Plaintiff's claims for disability discrimination and retaliation, and issued a Final Investigative Report on November 5, 2024.  See id. at pgs. 19-25.  On November 20, 2024, the NHCHR issued a finding of "Probable Cause" with respect to Stewart's claim for retaliation but found "No Probable Cause" with respect to his discrimination claims.  Id. at pgs. 13-15, 17-18.  Pike Industries then filed a request for reconsideration, which the NHCHR denied.  Doc. No. 1 at ¶ 3.

### *Removal Proceedings*

On or about March 14, 2025, Pike Industries removed the matter from the NHCHR to the Belknap County Superior Court where the case was captioned Dale Stewart, Jr. v. Pike Industries, Inc., Civil Action No. 211-2025-CV-00075.  Id. at ¶ 4.  Shortly thereafter, on March 27, 2025, Defendant removed the case from the state court to this court on the basis of federal question and supplemental jurisdiction.  See id. at ¶¶ 7-12.  As described below, the litigation has since stalled due to Stewart's inactivity and lack of communication with Pike Industries or the court.

On May 8, 2025, Stewart and Pike Industries filed a proposed joint Discovery Plan pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26.1.  Doc. No. 7.  Therein, the parties proposed a trial date of July 13, 2026, as well as deadlines for the completion of pretrial discovery and the filing of any dispositive motions.  Id. at pgs. 2-3.  On May 13, 2025, this court issued a Endorsed Order approving a modified version of the parties' proposed Discovery Plan and adopting it as a Pretrial Scheduling Order.  End. Ord. dated 05/13/2025.  As set forth in relevant part in the Pretrial Scheduling Order, this court ordered the parties to serve Initial

2

Disclosures required under Fed. R. Civ. P. 26(a)(1) by June 13, 2025, to file any motions to dismiss by August 13, 2025, and to file a joint report describing the status of fact discovery by October 10, 2025. See Doc. No. 7 at pg. 3; End. Ord. dated 05/13/2025. It also ordered the parties to complete all fact discovery by January 30, 2026, to complete any expert discovery by February 27, 2026, and to file any motions for summary judgment by March 6, 2026. See Doc. No. 7 at pg. 3; End. Ord. dated 05/13/2025.

### *Stewart's Failure to Prosecute the Case*

Pike Industries did not file a motion to dismiss. However, on October 10, 2025, it filed a statement on its own behalf regarding the status of discovery. Doc. No. 8. In its statement, Pike Industries reported that "Plaintiff has not served Rule 26 Initial Disclosures" and "has not served any discovery requests upon Defendant." Id. at pg. 1. It also informed the court that it served Plaintiff with interrogatories and document requests on May 22, 2025, but that Stewart failed to respond. Id. Furthermore, Pike Industries described various unsuccessful attempts it made to contact Stewart by phone, email, and traditional mail between July 14, 2025 and September 18, 2025. Id. at pgs. 1-2. Defendant maintains that Stewart's failure to respond to its communications and timely-served discovery requests prevented it from obtaining "the information necessary to depose Plaintiff or otherwise fully defend itself against Plaintiff's allegations." Id. at pg. 2.

On October 21, 2025, this court issued an Endorsed Order directing Pike Industries to file, by November 7, 2025, "any appropriate motion to compel responses to outstanding discovery." End. Ord. dated 10/21/2025. It also directed Stewart to "respond to any motion to compel within fourteen (14) days from the date the motion is filed." Id. On November 7, 2025, Pike Industries filed a motion to compel in which it requested an order directing Stewart to respond to its interrogatories and document requests within fourteen days of the date of the order and "put[ting]

Stewart on notice that if he fails to do so, this Court will dismiss his complaint with prejudice." Doc. No. 9 at pg. 1. Stewart filed no response to Pike Industries' motion to compel despite this court's express order that he do so. Nor did he contact the court or communicate with Defendant regarding his failure to address the motion. Thus, the record demonstrates that after May 8, 2025, when the parties filed their proposed joint Discovery Plan, Stewart failed to engage in any discovery or other litigation-related activities. He also failed to reply to any of Pike Industries' efforts to contact him, communicate with the court, or respond to Defendant's motion to compel.

On December 4, 2025, this court issued an Order to Show Cause directing Stewart "to show cause, on or before December 18, 2025, as to why this case should not be dismissed for failure to prosecute." Doc. No. 12 at pg. 3. It also warned Stewart that "[a]ny failure to do so will likely result in the undersigned recommending that the district judge dismiss this action on that basis." Id. Again, however, Stewart failed to respond to the Order. Nor did he contact the court or otherwise demonstrate an interest in pursuing the litigation.

On January 29, 2026, Pike Industries filed the pending motion to dismiss asking the court to dismiss the litigation with prejudice for failure to prosecute and to comply with the Order to Show Cause. Doc. No. 13. Once again, Stewart failed to respond to Defendant's motion.

On February 12, 2026, Stewart appeared before the court in connection with an unrelated criminal proceeding. See United States v. Dale G. Stewart, Jr., Case No. 23-cr-00060-SE-TSM, Doc. Entry dated 02/12/2026. While Stewart was present in the courthouse, court personnel handed him copies of the Order to Show Cause and the motion to dismiss in this case. Consequently, there is no question that Stewart had an opportunity to review and address those materials. Nevertheless, he made no effort to respond to the Order, oppose Pike Industries' motion, or reach out to Defendant or the court.

4

**LEGAL STANDARD**

"[T]he effective administration of justice requires that trial courts possess the capability to manage their own affairs.  The authority to order dismissal in appropriate cases is a necessary component of that capability." Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 4 (1st Cir. 2002) (internal citation omitted).  "Moreover, the inherent power of trial courts to dismiss cases for want of prosecution or disregard of judicial orders is reinforced and augmented by Rule 41(b)" of the Federal Rules of Civil Procedure.  Id.  That Rule expressly authorizes district courts to dismiss an action with prejudice for failure to prosecute, to comply with the Federal Rules of Civil Procedure, or to comply with court orders. See Fed. R. Civ. P. 41(b).[2]

Notwithstanding their authority to dismiss a case with prejudice, district courts must remain mindful of the need to "balance the court's venerable authority over case management with the larger concerns of justice, including the strong presumption in favor of deciding cases on the merits." Malot v. Dorado Beach Cottages Assocs., 478 F.3d 40, 43 (1st Cir. 2007).  "The appropriateness of a particular sanction thus depends on the circumstances of the case." Id. at 43-44.  To assist courts in that endeavor, the First Circuit "ha[s] offered several, non-exhaustive factors to consider before entertaining dismissal[.]" Vivaldi Servicios De Seguridad v. Maiso Grp., Corp., 93 F.4th 27, 31 (1st Cir. 2024).  Those factors include: "the severity of the violation, . . . the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions." Id. (punctuation in original)

---

[2] Rule 41(b) provides as follows: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits."

(quoting United States ex rel. Nargol v. DePuy Orthopaedics, Inc., 69 F.4th 1, 14 (1st Cir. 2023)). "Pertinent procedural considerations include 'whether the offending party was given sufficient notice and opportunity to explain its noncompliance or argue for a lesser penalty.'" Vallejo v. Santini-Padilla, 607 F.3d 1, 8 (1st Cir. 2010) (quoting Malloy v. WM Specialty Mortg., 512 F.3d 23, 26 (1st Cir. 2008)); see also Malot, 478 F.3d at 44 (noting "a procedural dimension" to a court's consideration of sanctions, "which addresses concerns such as notice, opportunity to be heard, and the court's explanation for its choice of sanction."). Ultimately, however, district courts are "given considerable leeway in exercising their admitted authority to punish laggardly or noncompliant litigants." Chamorro, 304 F.3d at 4.

## DISCUSSION

**I.      Application of Substantive Factors to the Circumstances of the Case**

Consideration of the First Circuit's list of substantive factors supports the dismissal of this case with prejudice. Beginning with the first factor – the severity of misconduct – the record demonstrates that after May 8, 2025, when the parties filed their proposed joint Discovery Plan, Stewart failed to engage in any litigation-related activities or take any other steps to pursue his retaliation claim against Pike Industries. It also shows that he repeatedly failed to comply with this court's orders, including the Pretrial Scheduling Order, the October 21, 2025 Order directing Stewart to respond to Pike Industries' motion to compel, and the December 4, 2025 Order to Show Cause. See End. Ord. dated 05/13/2025; End. Ord. dated 10/21/2025; Doc. No. 12. Under the law of this circuit, "disobedience of court orders, in an of itself, constitutes extreme misconduct (and thus, warrants dismissal)[.]" Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002). This is especially true where, as here, the court explicitly warned Plaintiff that his failure to respond to the Order to Show Cause could result in the dismissal of his case for lack of

6

prosecution.  See Vallejo, 607 F.3d at 9 ("Although notice is not required before imposing dismissal as a sanction, counsel's disregard of a prior warning from the court exacerbates the offense" (quotations and citations omitted)); Chamorro, 304 F.3d at 4-5 (describing "defiance of court orders" and "ignoring warnings" as "aggravating circumstances" that can render misconduct "extreme").  Stewart's failure to respond to any of the court's or Pike Industries' efforts to communicate with him regarding this case further illustrates the extreme nature of his misconduct.

The next set of factors the court considers includes the deliberateness of Plaintiff's misconduct and the existence of any mitigating circumstances.  See Vivaldi Servicios De Seguridad, 93 F.4th at 31 (listing substantive factors courts should consider before entertaining dismissal).  This court concludes that these factors weigh in favor of dismissal with prejudice as well.  Stewart provided no justification for his failure to comply with this court's orders and no explanation for his failure to pursue his retaliation claim against Pike Industries.  Instead, Stewart effectively abandoned the case by failing to take any action relating to the litigation after May 8, 2025, and by remaining silent in the face of the court's warning about the likelihood of dismissal and Defendant's pending motion to dismiss.  Accordingly, this court concludes that there are no mitigating excuses for Stewart's neglect of this matter and that his failure to prosecute was deliberate.

With respect to the issue of prejudice, this court concludes that Stewart's conduct is inherently prejudicial to Pike Industries and the court.  By failing to serve his initial disclosures, respond to written discovery, or reply to Defendant's motion to compel, Stewart deprived Pike Industries of the ability to obtain information necessary to defend itself or move for summary judgment.  He also deprived Pike Industries of its ability to complete its own discovery obligations, meet other pretrial deadlines, and achieve a timely resolution of the litigation.  See Vellejo, 607

7

F.3d at 8 (noting that "[r]epeated disobedience of a scheduling order is inherently prejudicial, because disruption of the court's schedule and the preparation of other parties nearly always results." (alteration in original) (quoting Robson v. Hallenbeck, 81 F.3d 1, 4 (1st Cir. 1996)). Moreover, Stewart's failure to comply with the court's orders, respond to Pike Industries' repeated attempts to contact him, engage with the court after May 8, 2025, or otherwise take steps to move this case forward, resulted in a waste of Defendant's and the court's time and resources. These circumstances further support the dismissal of the case with prejudice. See Chamorro, 304 F.3d at 5 (ruling that plaintiff's violation of a direct order to furnish a progress report and repeated unwillingness to move the case forward wasted the court's time and supported dismissal of the case with prejudice).

The final substantive factor for the court to consider is "the adequacy of lesser sanctions[.]" Malot, 478 F.3d at 45. This court finds that no sanction short of dismissal is appropriate in this case. Stewart's failure to comply with the court's orders, communicate with Pike Industries or the court, reply to Defendant's motion to compel or motion dismiss, or respond to the Order to Show Cause despite the court's warning that his failure to do so "will likely result in the undersigned recommending that the district judge dismiss this action" for failure to prosecute, Doc. No. 12 at pg. 3, "can reasonably be construed as an indication of [P]laintiff['s] lack of interest in vindicating whatever rights [he] might have had" against Pike Industries. Figueroa Ruiz v. Alegria, 896 F.2d 645, 648 (1st Cir. 1990) (quotations and citation omitted). Consequently, there is no reasonable means other than dismissal for resolving the parties' dispute. In light of Stewart's complete abandonment of this case after May 8, 2025, and his lack of any communication with Defendant or the court, "affording [P]laintiff[] an opportunity to resubmit another complaint would likely [be]

an exercise in futility." See id. at 649. Therefore, this court recommends that the matter be dismissed with prejudice.

II.      **Application of Procedural Considerations**

"There is also a procedural dimension to [the court's] review, 'which addresses concerns such as notice, opportunity to be heard, and the court's explanation for its choice of sanction.'" Nargol, 69 F.4th at 14-15 (quoting Malot, 478 F.3d at 44). "Although prior notice is not a prerequisite to dismissal with prejudice, it is an important consideration." Malot, 478 F.3d at 45. "The notice consideration can weigh in favor of imposing dismissal where the 'disregard of a prior warning from the court exacerbates the offense' and can weigh against imposing dismissal where 'the lack of warning sometimes mitigates it.'" Nargol, 69 F.4th at 15 (quoting Vallejo, 607 F.3d at 9).

Here, the court explicitly warned Stewart that his failure to show cause as to why this case should not be dismissed for failure to prosecute "will likely result in the undersigned recommending that the district judge dismiss this action on that basis." Doc. No. 12 at pg. 3. He was also "put on notice of the risk of dismissal by the filing of [the instant] motion to dismiss." Nargol, 69 F.4th at 15. Nevertheless, Stewart failed to respond to the Show Cause Order or the motion to dismiss. Accordingly, relevant procedural considerations provide strong support for the dismissal of this action with prejudice.

**CONCLUSION**

For all the reasons detailed herein, the district judge should grant Defendant's motion (Doc. No. 13) and dismiss this case with prejudice, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute. Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. The fourteen-day period may be extended upon motion. Failure to

file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).  Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court" and any issues "not preserved by such objection are precluded on appeal."  Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (quoting Keating v. Sec'y of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988)).

_____

Talesha L. Saint-Marc
United States Magistrate Judge

March 19, 2026

cc:    Dale Stewart, Jr., pro se
       Counsel of record